IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00510-MSK

STATE OF COLORADO ex rel John W. Suthers,

    Plaintiff,

v.

LEONID SHIFRIN,
MARK SHIFRIN,
JERRY A. JOHNSON,
MORTGAGE PLANNING AND LENDING SPECIALIST, LTD.,
WHOLESALE MORTGAGE LENDING LLC,
MORTGAGE PROCESSING GROUP, INC.
SHIFRIN, INC.,
JUPITER LENDING, INC.,
UNITED STATES MARKETING ASSOCIATES, INC., and
CBA, INC.,

    Defendants.

## ORDER REMANDING ACTION

**THIS MATTER** comes before the Court pursuant to Defendant Jerry A. Johnson's *pro se* Notice of Removal **(# 1)**.

The Plaintiff commenced this action in Colorado District Court for Denver County, alleging several claims under the Colorado Consumer Protection Act, C.R.S. § 6-1-105, and a claim of deceptive trade practices under C.R.S. § 38-40-105.

Defendant Johnson filed a *pro se* Notice of Removal, alleging that this Court had subject-matter jurisdiction over the action: (i) pursuant to 28 U.S.C. § 1331 "because the plaintiffs assert

1

claims against Johnson under the Federal Truth In Lending Act," 15 U.S.C. § 1631 *et seq.*; (ii) pursuant to 28 U.S.C. § 1331 "because Defendant Johnson will assert defenses under the Federal Truth In Lending Act; and (iii) pursuant to 28 U.S.C. § 1332 "because several defendants are citizens of a different state and the amount in controversy is greater than $75,000."

A *pro se* litigant is entitled to liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the requirement that the Court read the litigant's pleadings broadly does not relieve the litigant of the burden of complying with all procedural rules and the requirements of substantive law. *Id.*

The party asserting the existence of subject matter jurisdiction– in this case, Defendant Johnson – bears the burden of proving such jurisdiction exists. *Montoya v. Chao*, 269 F.3d 952, 955 (10th Cir. 2002). Defendant Johnson's Notice of Removal fails to adequately establish the existence of federal subject-matter jurisdiction.

First, Defendant Johnson asserts that both the Plaintiff has asserted claims under the Truth In Lending Act, and that Defendant Johnson intends to assert defenses under that Act. The Court evaluates the removability of an action solely from the face of the Complaint. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). Thus, the claim under federal law purportedly supporting removal must appear on the face of the Complaint. *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006). Here, nothing in the Plaintiff's suit alleges any claim arising under the Truth In Lending Act. All of the Plaintiff's claims are predicated on violation of state law. Moreover, because the Court considers removability only from the face of the Complaint, a defendant cannot remove an action simply because he intends to assert defenses sounding in federal law. *Id.* Accordingly, Defendant Johnson has failed to show the existence of

subject matter jurisdiction arising under 28 U.S.C. § 1331 sufficient to support removal.

Similarly, Defendant Johnson has failed to show the existence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists only when the plaintiff is a citizen of one state – here, Colorado – and <u>all</u> defendants are citizens of other states – *i.e.* that no Defendant is a resident of Colorado. In other words, <u>each</u> defendant must be a citizen of a different state than <u>each</u> plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, the caption of the case reflects that several of the named Defendants are Colorado corporations, and the Notice of Removal reflects that Defendant Johnson's listed address is in Colorado. Accordingly, Defendant Johnson has not shown complete diversity of citizenship sufficient to establish federal subject matter jurisdiction under 28 U.S.C. § 1332.

For these reasons, this matter is **REMANDED** to the Colorado District Court for Denver County pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court shall transmit the entire case file to the Clerk of the Court for the Colorado District Court for Denver County and shall close this case.

Dated this 13th day of March, 2008

                                                  **BY THE COURT:**

                                                  Marcia S. Krieger
                                                  United States District Judge